BECKER, GLYNN, MELAMED and MUFFLY LLP
By: Zeb Landsman (ML 4686)
299 Park Avenue
New York, New York  10171
zlandsman@beckerglynn.com
(212) 888-3033
Attorneys for Plaintiff
Nexus International Broadcasting, Inc.


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

File Via ECF

------------------------------------------------------------X
NEXUS INTERNATIONAL                     :
BROADCASTING, INC.,                     :
                                        :
                    Plaintiff,          :
                                        :        Civil Action
            v.                          :
                                        :        Case No. 08-01591 (LAP)
SATELITES MEXICANOS,                    :
S.A. de C.V.                            :
                                        :
                    Defendant.          :
                                        :
------------------------------------------------------------X

## PLAINTIFF'S ANSWER TO COUNTERCLAIMS

Plaintiff, Nexus International Broadcasting, Inc. ("Nexus"), by its attorneys

Becker, Glynn, Melamed & Muffly LLP, answers the counterclaims (the "Counterclaim")

asserted in the "Answer to Amended Complaint and Counterclaims" of Satelites Mexicanos, S.A.

de C.V. ("Satmex"):

### INTRODUCTION

1.      Denies each and every allegation set forth in paragraph 1 of the

Counterclaim.

2.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 2 of the Counterclaim, except admits that Nexus's channel was called NDTV.

3.    Denies each and every allegation set forth in paragraph 3 of the Counterclaim, except admits that Nexus and Satmex entered into an exclusive distribution agreement on or about March 30, 2005 ("NDTV Agreement").  Nexus respectfully refers the Court to the NDTV Agreement for a full and accurate recitation of its contents.

4.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 4 of the Counterclaim except admits that Satmex entered into an agreement with DirecTV.

5.    Denies each and every allegation set forth in paragraph 5 of the Counterclaim.

6.    Denies each and every allegation set forth in paragraph 6 of the Counterclaim.

<u>JURISDICTION AND VENUE</u>

7.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 7 of the Counterclaim.

8.    Admits the allegations set forth in paragraph 8 of the Counterclaim.

9.    Avers that the allegations contained in paragraph 9 of the Counterclaim purport to state a conclusion of law with respect to the Court's jurisdiction for which no response is required.

10.     Avers that the allegations contained in paragraph 10 of the Counterclaim purport to state a conclusion of law with respect to the Court's jurisdiction for which no response is required.

11.     Avers that the allegations contained in paragraph 11 of the Counterclaim purport to state a conclusion of law with respect to the venue of this action for which no response is required.

<u>FACTS</u>

12.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 12 of the Counterclaim.

13.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 13 of the Counterclaim.

14.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 14 of the Counterclaim, except admits that Cesar Mazzotta met with employees of Satmex in 2003.

15.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 15 of the Counterclaim, except admits that Nexus secured Dominican programming for NDTV.

16.     Denies each and every allegation set forth in paragraph 16 of the Counterclaim except admits that Satmex entered into the NDTV Agreement and the interim letter agreement (the "Letter Agreement").

17.     Denies each and every allegation set forth in paragraph 17 of the Counterclaim, except admits that Satmex and Nexus entered into a Letter Agreement, which was

later superseded by the NDTV Agreement.  Nexus respectfully refers the Court to the Letter Agreement and NDTV Agreement for a full and accurate recitation of their contents.

18.     Denies each and every allegation set forth in paragraph 18 of the Counterclaim and respectfully refers the Court to the Letter Agreement and NDTV Agreement for a full and accurate recitation of their contents.

19.     Denies each and every allegation set forth in paragraph 19 of the Counterclaim and respectfully refers the Court to the Letter Agreement and NDTV Agreement for a full and accurate recitation of their contents.

20.     Denies each and every allegation set forth in paragraph 20 of the Counterclaim and respectfully refers the Court to the NDTV Agreement for a full and accurate recitation of its contents.

21.     Denies each and every allegation set forth in paragraph 21 of the Counterclaim and respectfully refers the Court to the NDTV Agreement for a full and accurate recitation of its contents.

22.     Denies each and every allegation set forth in paragraph 22 of the Counterclaim.

23.     Denies each and every allegation set forth in paragraph 23 of the Counterclaim.

24.     Denies each and every allegation set forth in paragraph 24 of the Counterclaim.

25.     Denies each and every allegation set forth in paragraph 25 of the Counterclaim.

26.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 26 of the Counterclaim.

27.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 27 of the Counterclaim, except admits that Satmex and DirecTV entered into the DTV Agreement.  Nexus respectfully refers the Court to the DTV Agreement for a full and accurate recitation of its contents.

28.    Denies each and every allegation set forth in paragraph 28 of the Counterclaim and respectfully refers the Court to the DTV Agreement for a full and accurate recitation of its contents.

29.    Denies each and every allegation set forth in paragraph 29 of the Counterclaim and respectfully refers the Court to the DTV Agreement for a full and accurate recitation of its contents.

30.    Denies each and every allegation set forth in paragraph 30 of the Counterclaim and respectfully refers the Court to the DTV Agreement for a full and accurate recitation of its contents.

31.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 31 of the Counterclaim, except admits that Comcast launched NDTV around August 2006 and Cablevision launched NDTV around May 2007.

32.    Denies each and every allegation set forth in paragraph 32 of the Counterclaim.

33.     Denies each and every allegation set forth in paragraph 33 of the Counterclaim.

34.     Denies each and every allegation set forth in paragraph 34 of the Counterclaim.

35.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 35 of the Counterclaim and respectfully refers the Court to the letter for a full and accurate recitation of its contents.

36.     Denies each and every allegation set forth in paragraph 36 of the Counterclaim.

37.     Denies each and every allegation set forth in paragraph 37 of the Counterclaim.

38.     Denies each and every allegation set forth in paragraph 38 of the Counterclaim.

39.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 39 of the Counterclaim.

40.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph 40 of the Counterclaim, except admits that Comcast and Cablevision launched NDTV around August 2006 and around May 2007, respectively.

41.     Denies each and every allegation set forth in paragraph 41 of the Counterclaim and respectfully refers the Court to the NDTV Agreement and letters for a full and accurate recitation of their contents.

42.     Denies each and every allegation set forth in paragraph 42 of the Counterclaim, except admits that NDTV went off the air on October 26, 2007.

## COUNT I

43.     Repeats responses to paragraphs 1 through 42 of the Counterclaim with the same force and effect as if fully set forth here.

44.     Denies each and every allegation set forth in paragraph 44 of the Counterclaim.

45.     Denies each and every allegation set forth in paragraph 45 of the Counterclaim.

46.     Denies each and every allegation set forth in paragraph 46 of the Counterclaim.

## COUNT II

47.     Repeats responses to paragraphs 1 through 46 of the Counterclaim with the same force and effect as if fully set forth here.

48.     Denies each and every allegation set forth in paragraph 48 of the Counterclaim.

49.     Denies each and every allegation set forth in paragraph 49 of the Counterclaim.

50.     Denies each and every allegation set forth in paragraph 50 of the Counterclaim.

51.    Denies each and every allegation set forth in paragraph 51 of the Counterclaim.

## COUNT III

52.    Repeats responses to paragraphs 1 through 51 of the Counterclaim with the same force and effect as if fully set forth here.

53.    Denies each and every allegation set forth in paragraph 53 of the Counterclaim except admits that that the agreement speaks for itself.

54.    Avers that paragraph 54 purports to state a legal conclusion to which no response is required.  To the extent a response is required, each and every allegation is denied.

## DEFENSES

## FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Nexus did not breach the NDTV Agreement or any covenant of good faith and fair dealing implied therein.

## THIRD DEFENSE

Nexus did not breach the Indemnity Agreement.

## FOURTH DEFENSE

The Counterclaim is barred, in whole or part, by the equitable doctrine of estoppel.

## FIFTH DEFENSE

Satmex's claims are barred, in whole or in part, by the doctrine of waiver. Satmex, by its actions and inactions, waived the right to pursue its claims.

## SIXTH DEFENSE

Satmex's claims are barred, in whole or in part, by the parties' modification of the Indemnity Agreement.

## SEVENTH DEFENSE

Satmex's claims are barred, in whole or in part, by the parties' modification of the NDTV Agreement.

## EIGHT DEFENSE

Satmex's claims are barred, in whole or in part, under the doctrine of mitigation of damages.

## NINTH DEFENSE

Satmex's claims are barred, in whole or in part, by Satmex's failure to give notice of the breaches alleged in the Counterclaim.

## TENTH DEFENSE

Satmex's claims are barred, in whole or in part, because Satmex's actions frustrated the purposes of the NDTV Agreement and the Indemnity Agreement.

ELEVENTH DEFENSE

Satmex's claims are barred, in whole or in part, because Satmex repudiated the NDTV Agreement and Indemnity Agreement.  Because of Satmex's actions, those agreements were terminated.

TWELFTH DEFENSE

Any damages suffered by Satmex should be offset by the benefits conferred upon Satmex and by the damages to Nexus caused by Satmex's material breach of the NDTV Agreement and Indemnity Agreement.

THIRTEENTH DEFENSE

Satmex has no standing to seek the relief requested under 28 U.S.C. § 2201.

FOURTEENTH DEFENSE

Count III does not present a justiciable case or controversy.

FIFTEENTH DEFNSE

Nexus has, at all times, acted in good faith.

Dated: July 30, 2008

BECKER, GLYNN, MELAMED and MUFFLY LLP

Attorneys for Plaintiff


By:  /s/ Zeb Landsman
     Zeb Landsman (ML 4686)
299 Park Avenue
New York, New York 10171
zlandsman@beckerglynn.com
(212) 888-3033

BECKER, GLYNN, MELAMED and MUFFLY LLP
By: Zeb Landsman (ML 4686)
299 Park Avenue
New York, New York 10171
zlandsman@beckerglynn.com
(212) 888-3033
Attorneys for Plaintiff
Nexus International Broadcasting, Inc.


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Filed Via ECF

-------------------------------------------------------------X
NEXUS INTERNATIONAL                         :
BROADCASTING, INC.,                         :
                                            :
                  Plaintiff,                :
                                            :       Civil Action
          v.                                :
                                            :       Case No. 08-01591 (LAP)
SATELITES MEXICANOS,                        :
S.A. de C.V.                                :
                                            :
                  Defendant.                :
                                            :
-------------------------------------------------------------X

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the forgoing Plaintiff's Answer to Counterclaims
was served upon the party on the attached Service List via U.S. Mail and electronically, on July
30, 2008.

Dated:  New York, New York
        July 30, 2008

                              BECKER, GLYNN, MELAMED & MUFFLY LLP
                                 Nexus International Broadcasting, Inc.


                              By:    /s/ Zeb Landsman
                                     Zeb Landsman (ML 4686)
                              299 Park Avenue
                              New York, New York 10171
                              (212) 888-3033

# <u>SERVICE LIST</u>

Richard Rosberger
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413
Attorneys for Defendant
Satelites Mexicanos S.A. de C.V.